UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                      CASE NO. 1:08-CR-166

v.

                                      HON. ROBERT HOLMES BELL

JONATHAN JAMES BOWMAN,

    Defendant.
    _____/

## MEMORANDUM OPINION AND ORDER

Defendant pleaded guilty to two counts of an Indictment charging Conspiracy to Distribute and Possess with Intent to Distribute an Unspecified Quantity of 3,4-Methylenedioxymethamphetamine and Distribution of an Unspecified Quantity of 1-Benzylpiperazine. On December 18, 2008, the Court sentenced him to concurrent prison terms of 120 months for each count, after taking into account a downward departure under § 5K1.1 of the United States Sentencing Guidelines. On January 13, 2010, the Court granted the government's motion for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, and issued an amended judgment reducing Defendant's sentence to 102 months for each count. Defendant appealed the judgment of sentence, claiming that the Court improperly determined that it was required to make his sentence run consecutive to a prior sentence issued in state court. The Court of Appeals subsequently remanded the matter to this Court to determine how the sentence issued by this Court should

run in relation to the state sentence. On June 28, 2011, the Court issued an amended judgment that makes the sentence in this case run concurrently with the state sentence.

Before the Court is Defendant's Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines, which revised the Drug Quantity Table in § 2D1.1 of the guidelines. (ECF No. 105.) Based on a review of the record, the motion will be denied.

District courts have discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* As the Court made clear at the original sentencing hearing, it initially calculated Defendant's offense level as 29 (after adjusting for Defendant's acceptance of responsibility), consistent with the pre-sentence report. The Court subsequently reduced the offense level to 26 due to Defendant's cooperation with the government, but the initial offense level was based on the career offender guidelines in § 4B1.1, not the drug quantity guidelines in § 2D1.1. Amendment 782 altered the drug quantity guidelines; it did not alter career offender guidelines. Consequently, it does not affect the applicable range of Defendant's sentence.

Because Defendant's sentence was based on the career offender guidelines in § 4B1.1 rather than the drug quantity guidelines in § 2D1.1, he is ineligible for a sentence reduction. *Cf. United States v. Riley*, 726 F.3d 756, 761 (6th Cir. 2013) (holding that a defendant

sentenced as a career offender, whose "sentence was not 'based on' § 2D1.1," is not eligible for a sentence reduction based on amendments to the crack-cocaine guideline).

Accordingly, Defendant's Motion for Modification or Reduction of Sentence (ECF No. 105) is **DENIED**.


Date:  July 13, 2015                                          /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE